**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LLOYD GRASS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:07CV1726-DJS |
| ) | |
| ROBERT REITZ, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court on the report and recommendation of the United States Magistrate Judge [Doc. #22], recommending denial of the instant petition for writ of habeas corpus, and petitioner Lloyd Grass' objections thereto [Doc. #27]. Pursuant to 28 U.S.C. § 636, the Court shall conduct a de novo review of those portions of the report and recommendation to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation.

### I. Background

Petitioner adopts the factual and procedural statements set forth in the report and recommendation. Doc. #27, p. 2. The history and facts of petitioner's case were stated by the Missouri appellate court as follows:

> On October 14, 1992, petitioner, Lloyd E. Grass, stabbed his wife to death. He was immediately evaluated as "markedly psychotic" at

Malcolm Bliss Mental Health Center and admitted to the Biggs Forensic Center of Fulton State Hospital that same day.  On October 20, 1992 he was returned to jail with a discharge diagnosis of Brief Reactive Psychosis, Resolved (Provisional); Cannabis Dependence, In Remission While Hospitalized; and Delirium, Resolved (Provisional).  The state charged him with murder in the first degree in Warren County.  On November 9, 1993, petitioner was readmitted to the Biggs Forensic Center of Fulton State Hospital for a court-ordered pretrial mental evaluation.

Richard Gowdy, Ph.D., who was then a certified forensic examiner for the Biggs Forensic Center, saw petitioner for a pretrial mental evaluation on November 9, 1993 and again on July 19, 1994.  Dr. Gowdy diagnosed him with Psychotic Disorder, Not Otherwise Specified, In Partial Remission.  Dr. Gowdy provided the court with his opinion that as a result of a mental disease, petitioner did not fully know and appreciate the nature, quality and wrongfulness of his conduct and was unable to conform his conduct to the requirements of the law at the time of his wife's death.  In September 1994, the Warren County circuit court accepted petitioner's plea of not guilty by reason of mental disease or defect and committed him to the custody of the Missouri Department of Mental Health, which placed him in the Biggs Forensic Center of the Fulton State Hospital.

Subsequently, on March 16, 1995, the Department of Mental Health transferred him to the less restrictive St. Louis State Hospital. In October 1995, petitioner filed a petition with the probate division of the Circuit Court of the City of St. Louis to obtain a conditional release.  That court granted the conditional release, but this court reversed.

On August 8, 1996, petitioner was granted full unescorted privileges.  The next day, petitioner escaped from the St. Louis State Hospital.  After being arrested in New York, petitioner was extradited to Missouri. Petitioner was thereafter convicted of escape

from commitment and sentenced to a term of five years in the custody of the Missouri Department of Corrections. After serving twenty-eight months in prison, petitioner was paroled back to the custody of the Department of Mental Health in March 2001.

In February 2003, petitioner filed an application for unconditional release, which the trial court denied. After this court affirmed that judgment, the Missouri Supreme Court granted petitioner's application for transfer and reversed and remanded for the trial court to determine the independence of the expert appointed to examine the petitioner and make a recommendation about his suitability for release.

In August 2004, petitioner filed new pro se motions for conditional and unconditional release, and counsel filed amended applications for release. The trial court consolidated the applications and tried the cases in February 2005. On February 1, 2006, the trial court entered findings of fact, conclusions of law, and a judgment. In response to the state's post-opinion motion, the trial court later entered an amended judgment. The court denied petitioner's application for unconditional release but granted petitioner's application for conditional release. Petitioner and the state appeal[ed].

State v. Grass, 220 S.W.3d 335, 337-38 (Mo. App. 2007) (per curiam) (internal citations omitted).

On February 27, 2007, the Missouri Court of Appeals issued its decision affirming the denial of petitioner's application for unconditional release and remanding in regard to petitioner's application for conditional release. Id. at 337.[1]

---

[1]As noted in the report and recommendation, petitioner's applications for transfer to the Missouri Supreme Court were denied. Doc. #22, p. 3.

## A. Missouri Court of Appeals Decision Regarding Unconditional Release

The Missouri appellate court's decision with regard to petitioner's appeal of the denial of unconditional release states as follows:

> In his sole point on appeal, petitioner contends that the trial court erroneously applied Section 552.040 RSMo (2000) when it denied his petition for unconditional release. Petitioner argues that the law requires his unconditional release because the trial court made findings in its judgment on his application for conditional release that petitioner proved by clear and convincing evidence that: 1) he does not currently suffer from a mental disease or defect; 2) he is not a danger to himself or others and is not likely in the foreseeable future to commit another violent crime because of mental illness; and 3) he is aware of the nature and wrongfulness of the crime underlying his commitment and currently has the capacity to conform his conduct to the requirements of the law.
>
> * * *
>
> In its findings, conclusions, and judgment on the application for conditional release, the trial court found that petitioner "does not suffer from any mental disease or defect as set forth in Chapter 552 RSMo," "is not likely to be dangerous to others while on conditional release," "is not now and is not likely in the reasonable future to commit another violent crime against another person because of his mental illness," and "is aware of the nature of his violent crime committed against another person and presently possesses the capacity to appreciate the criminality of his violent crime against another person and his capacity to conform to the requirement of the law in the future." However, it did not make the finding required by sections 552.040.7(6) and 552.040.9 for unconditional release that petitioner was not

likely in the reasonable future to have a mental disease or defect rendering him dangerous to the safety of himself or others. This is a different factual finding from those required for conditional release, and it is not encompassed by the findings made on conditional release. The "reasonable future" is a broader time frame than "while on conditional release," and "dangerous to the safety of himself or others" is a broader condition than "likely to commit another violent crime" against another. Thus, the trial court's findings on conditional release do not mandate petitioner's unconditional release.

* * *

In its findings on petitioner's application for unconditional release, the trial court reported that it relied heavily on the three expert witnesses and that each opined that petitioner should not be considered for unconditional release. The court further found and concluded that petitioner "[did] not meet the statutory factors and considerations of relevant credible evidence meeting the burden of proof of 'clear and convincing,' and it is, therefore, the judgment of the court that Petitioner's Petition for Unconditional Release is hereby denied."

Substantial evidence in the record supports the trial court's decision to deny unconditional release and to not find that clear and convincing evidence supported the criteria in sections 532.040.7(6) and 552.040.9 for unconditional release. Dr. [Jeffrey] Kline opined that he could not say within a reasonable degree of medical certainty that petitioner was not likely to have a mental illness in the near future rendering petitioner dangerous to the safety of others. He explained that court-ordered monitoring of petitioner's psychiatric symptoms was necessary to assure the safety of others because petitioner had not demonstrated the ability to monitor his own behavior. Dr. Gowdy testified that petitioner could not meet the higher standard in that he could not say that petitioner was unlikely to commit a violent crime in the reasonable future. He did not believe that petitioner had the insight to monitor himself,

5

> nor did he think that community monitoring would be effective due to petitioner's lack of cooperation with inpatient treatment. Although Dr. [Daniel] Cuneo testified that in the reasonable future petitioner was unlikely to have a mental disease or defect that would render him dangerous to himself or others, he qualified his opinion by recommending a conditional release with periodic drug testing because drug use may have triggered petitioner's psychosis.
>
> As explained in <u>Weekly</u> [107 S.W.3d 340 (Mo. App. 2003)], unconditional release involves a total loss of the Department of Mental Health's jurisdiction and is not appropriate if illegal drug monitoring is required to prevent a relapse into a drug-induced psychosis.... Here, all of the experts agreed that monitoring of drug use or psychiatric symptoms was required to prevent a relapse.
>
> The trial court did not erroneously apply section 552.040 in denying unconditional release, and its decision is supported by substantial evidence. The judgment denying unconditional release is affirmed.

<u>Id.</u> at 339-43 (emphasis omitted).

## **B. Missouri Court of Appeals Decision Regarding Conditional Release**

With regard to the state's appeal concerning the trial court's grant of conditional release, the Missouri Court of Appeals states as follows:

> For its first point, the state asserts that the trial court erred in granting petitioner's application for conditional release because petitioner failed to meet his burden of proving by clear and convincing evidence that he was entitled to conditional release pursuant to section 552.040. The state argues that petitioner failed to prove by clear and convincing evidence that he was not mentally ill, he was not a danger to himself or others, he was not likely in the reasonable future to commit

6

another violent crime because of mental illness, and he was aware of the nature and wrongfulness of the crime underlying his commitment and currently had the capacity to conform his conduct to the requirements of the law. We begin with the claim that petitioner did not prove by clear and convincing evidence that he was not likely in the reasonable future to commit another violent crime against another person because of his mental illness.

* * *

In its judgment, the court identified the findings and opinions of psychologists and psychiatrists that supported its conclusions. On the section 552.040.20(1) issue of whether petitioner was likely in the reasonable future to commit another violent crime against another person because of his mental illness, it referred to Dr. Kline's and Dr. Cuneo's opinions. It summarized Dr. Kline's opinion as follows:

> 7) Dr. Jeffrey S. Kline, PhD, Psychologist appointed by the court, opined that Mr. Grass has no history of any violence before or after the index crime; that Mr. Grass is not likely to be a danger to others and unlikely to have a mental illness or defect in the future; and that Mr. Grass is suitable for a conditional release.

This finding misstates Dr. Kline's written opinion and consistent testimony, which was that he "<u>cannot</u> find that Mr. Grass is unlikely to have a mental disease or defect rendering him a[sic] dangerous to the safety of himself or others within the reasonable future" (emphasis added). Dr. Kline did not give an opinion or testify that petitioner "is not now and is not likely in the reasonable future to commit another violent crime against another person because of such person's mental illness" as required by section 552.040.20(1), and the trial court did not find that he did. Dr. Kline's testimony did not support the trial court's conclusion that petitioner met the criteria set out in section 552.040.20(1).

7

> In making its findings, the trial court specified it was relying on an opinion of its own expert, which that expert did not give. Given that 1) this was the court's expert, whom the court found to be "a very credible witness;" 2) his testimony did not support the court's finding; and 3) this left the court's finding supported by the expert opinion of only one of the three expert witnesses, we cannot say that the trial court would have made the same finding if it had been aware that its appointed expert had not so testified.
>
> * * *
>
> Ordinarily, we would remand the case to the trial court for the entry of new findings that take into account Dr. Kline's actual opinion. In this case, however, the judge who presided over the trial, heard the evidence, and observed the witnesses, is now deceased. Under these circumstances, we have no alternative but to reverse the judgment and remand for a new trial.

Id. at 343-44 (internal citations omitted). The Missouri appellate court specifically noted that, because the judgment was going to be reversed and the action remanded for a new trial, "we have not considered the state's remaining claims regarding the sufficiency of evidence on other findings.... [T]he judgment on remand will be based on new findings." Id. at 344 n.10.

## II. Report and Recommendation

On October 10, 2007, petitioner filed the instant petition in which he raises the following issue: petitioner's right to due process was violated because he was denied unconditional release. On August 4, 2008, the Magistrate Judge issued her report and recommendation. The Magistrate Judge finds that, because the

8

Missouri appellate court upheld the trial court's denial of petitioner's application for unconditional release, petitioner has exhausted the issue of whether he should have been granted unconditional release. Doc. #22, p. 7. Further, the Magistrate Judge finds that implicit in instant petition is the contention that petitioner was improperly denied unconditional release, which is a challenge to his continued confinement, and therefore petitioner's challenge raises a constitutional issue redressable in a federal habeas petition. Doc. #22, p. 17. The Magistrate Judge extensively cites the recent Eighth Circuit Court of Appeals' decision in Revels v. Sanders, 519 F.3d 734 (8th Cir. 2008), which holds that "once an insanity acquittee has shown the absence of a present mental illness, his continued confinement constitutes 'punishment,' which Foucha [v. Louisiana, 504 U.S. 71 (1992)] expressly rejected as a proper basis for the confinement of one who is not criminally responsible for his criminal actions." Doc. #22, p. 20 (quoting Revels, 519 F.3d at 742-743). The Magistrate Judge finds that:

> The Missouri appellate court found that Petitioner should be denied unconditional release. Upon reaching this conclusion the Missouri appellate court considered the opinion of Dr. Kline that Petitioner continued to have "psychiatric symptoms" and that the "etiology of [Petitioner's] symptoms is ultimately unknown." The court further considered Dr. Kline's opinion that, in regard to the safety of others, it was important for Petitioner to self-monitor or comply with court ordered monitoring and that Petitioner had not demonstrated an ability to self-monitor. The Missouri appellate court also

9

> considered Dr. Gowdy's opinion that "Petitioner was not participating in treatment hindering a full analysis of his current mental condition" and that Petitioner "lacks insight into the nature of his illness." The Missouri appellate court additionally considered the opinion of the experts, including Petitioner's own expert, Dr. Cuneo, that Petitioner required monitoring. As the evidence considered by the Missouri appellate court reflected both that Petitioner had a current mental illness and that he was dangerous without monitoring, it cannot be said that its decision in regard to Petitioner's unconditional release is unreasonable.

Doc. #22, p. 22. Ultimately, the Magistrate Judge finds that "the decision of the Missouri appellate court in regard to the issue raised in Petitioner's § 2254 Petition resulted in a decision which was based on a reasonable determination of the facts in light of the evidence, including the reports and testimony of mental health experts," Doc. #22, p. 22, and recommends that petitioner's § 2254 petition be denied on the merits of petitioner's claim, Doc. #22, p. 23.

### III. Objections

Petitioner objects to the report and recommendation. Petitioner states that the report and recommendation neglects to find that both the Circuit Court and the Missouri Court of Appeals failed to apply the findings of Foucha and Jones v. United States, 463 U.S. 354 (1983), "to the facts of Petitioner's case and rendered decisions that were contrary to clearly established federal law and/or reasonably applied clearly established federal law...." Doc. #27, p. 5. In support of this objection, petitioner

10

argues that "the Circuit Court did not find that Petitioner is suffering from a mental disease or defect," and that, in fact, the Circuit Court "found that Petitioner was not suffering from a mental disease or defect...." Doc. #27, p. 7. Petitioner argues that the testimony established and the Circuit Court found that petitioner "did not have a mental disease or defect...at most, he had personality disorders or narcissistic traits which did not rise to the level of mental disease or defect...." Doc. #27, p. 8. Petitioner states the Magistrate Judge considered the expert opinions that petitioner "required monitoring," that petitioner continued to have "psychiatric symptoms," that the etiology of petitioner's symptoms "is ultimately unknown," that petitioner had not "demonstrated an ability to self-monitor," that petitioner did not participate in treatment which hindered "a full analysis of his current mental condition," and that petitioner "lacks insight into the nature of his illness." Petitioner argues that the Magistrate Judge's finding that these bases support the Missouri appellate court's decision is not consistent with and an unreasonable application of federal law. Petitioner asks that this Court reject the report and recommendation and grant petitioner's petition for a writ of habeas corpus.

## IV. Standard of Review

As stated above, pursuant to 28 U.S.C. § 636(b)(1), the Court gives de novo consideration to those portions of the report

and recommendation to which objections are made. In order to trigger such review, however, the objections must be sufficiently specific, addressing particular findings or conclusions of the magistrate judge or asserting specific allegations of error. See, e.g., Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)).

## V. Discussion

In Revels, the Eighth Circuit held that requiring "an insanity acquittee to prove both a lack of present mental illness and dangerousness, is clearly contrary to Foucha, and violates the substantive protections of the Due Process Clause as defined by the Supreme Court." Revels, 519 F.3d at 742 (citing Foucha, 504 U.S. at 77).

> [T]he rule urged by the respondent, that a state may continue to hold an insanity acquittee who seeks unconditional release even if he is not presently mentally ill, must be rejected. Rather, once an insanity acquittee has shown the absence of a present mental illness, his continued confinement constitutes 'punishment,' which Foucha expressly rejected as a proper basis for the confinement of one who is not criminally responsible for his criminal actions.

Id. at 742-43 (emphasis in original) (citing Foucha, 504 U.S. at 80). While the Eighth Circuit has not found the Missouri unconditional release statute (Mo. Rev. Stat. § 552.040.7(6)) unconstitutional, it stated that "the distinction between

12

conditional and unconditional release is not material in light of Foucha's 'governing legal principle,' constricting a state's ability to continue to confine an insanity acquittee." Id. at 743.

Petitioner's objection to the report and recommendation is based on the trial court's finding (contained in its conditional release analysis) that petitioner does not suffer from any mental disease or defect. Petitioner argues that he has been found not to have a mental disease or defect, and pursuant to Revels, he is entitled to unconditional release. However, while the Missouri appellate court affirmed the trial court's determination regarding unconditional release, it reversed and remanded the trial court's decision to grant petitioner conditional release. Specifically, the state appealed from the trial level, among other findings, the trial court's determinations that: (1) petitioner had shown by clear and convincing evidence that he was not mentally ill; and (2) petitioner had shown by clear and convincing evidence that he was not likely in the reasonable future to commit another violent crime because of mental illness. Grass, 220 S.W.3d at 343. In its decision, the Missouri appellate court first analyzed the trial court's determination with regard to petitioner's likelihood in the reasonable future to commit another violent crime. The Missouri appellate court found that the trial court misstated the experts' opinions, and that such misstatements materially affected the merits of the case. Id. at 344. On this basis, the Missouri appellate court reversed the trial court's finding that petitioner

13

had shown that he was not likely in the reasonable future to commit another violent crime. Since the Missouri appellate court reversed and remanded the case on this issue, it did not take up the state's other arguments, including the argument that the trial court erred in finding that petitioner did not suffer from a mental disease or defect, because the judgment on remand would be based on new findings. Nevertheless, the Missouri appellate court stated that:

> In comparing the record and the fifteen pages of findings made on the application for conditional release, we have found a number of instances in which the findings inaccurately reflected the record, were inconsistent with each other, or contained inconsistent reasoning. It also appeared that the trial court may have placed weight or relied on evidence that was irrelevant as support for a particular finding.

Id. at 344 n.10. Accordingly, the finding that petitioner does not suffer from a mental disease or defect, although not directly rejected by the Missouri appellate court, was reversed and remanded for a new trial.

With regard to unconditional release, the report and recommendation states that since "the evidence considered by the Missouri appellate court reflected both that Petitioner has a current mental illness and that he was dangerous without monitoring, it cannot be said that its decision in regard to Petitioner's unconditional release is unreasonable." Doc. #22, p. 22. However, the Court does not see where in its unconditional release analysis the Missouri appellate court considered whether petitioner had a current mental illness. Rather, the Missouri

14

appellate court's opinion either generally affirms the trial court's unconditional release determination, finding that the trial court did not "erroneously apply section 552.040 in denying unconditional release," Grass, 220 S.W.3d at 343; see also id. at 342 ("Substantial evidence in the record supports the trial court's decision to deny unconditional release and to not find that clear and convincing evidence supported the criteria in sections 532.040.7(6) [sic.] and 552.040.9 for unconditional release."), or notes that the trial court did not find that petitioner "was not likely in the reasonable future to have a mental disease or defect rendering him dangerous to the safety of others," id. at 340 (emphasis in original). In the Court's view, there is not a sufficient basis to infer or find that the Missouri appellate court determined that petitioner had a current mental illness.

Additionally, the Missouri appellate court based its decision upholding the denial of unconditional release on the failure of the trial court to find that petitioner was not likely in the reasonable future to have a mental disease or defect rendering him dangerous to the safety of himself or others. In so determining, the Missouri appellate court remarked upon the factual distinctions of conditional and unconditional release. That is, the Missouri appellate court drew a comparison between the likelihood of a mental illness in the "reasonable future,"[2] and

---

[2] As required for unconditional release by Mo. Rev. Stat. § 552.040.7(6).

15

"while on conditional release,"[3] the former having a "broader time frame." Id. at 340. This comparison seems inapposite after Revels, because it potentially leads to a legal determination inconsistent with federal law. In light of the finding in Revels that the distinction between conditional and unconditional release is not material in light of Foucha's governing legal principle which constricts a state's ability to continue to confine an insanity acquittee, any finding that the evidence before the Missouri appellate court reflected that petitioner had a current mental illness is belied by the fact that the trial court's finding on the issue of the presence of a mental illness was reversed and remanded by the Missouri appellate court.

A state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus

---

[3]As stated by the Missouri appellate court, with regard to conditional release the trial court found that petitioner "does not suffer from any mental disease or defect as set forth in Chapter 552 RSMo," and separately found that petitioner "is not likely to be dangerous to others while on conditional release." Grass, 220 S.W.3d at 339; see also Respondent's Ex. B, Legal File, p. 65 (Amended Findings of Fact, Conclusions of Law and Judgment, p. 15). However, in drawing a distinction between the factual requirements of conditional and unconditional release, the Missouri appellate court seems to blend these findings to hold that there was no finding that petitioner was not likely in the reasonable future to have a mental disease or defect rendering him dangerous to the safety of himself or others, because the "reasonable future" is a broader time frame than "while on conditional release," and "dangerous to the safety of himself or others" is a broader condition than "likely to commit another violent crime against another." Id. at 340. That is to say, it appears that the unqualified finding by the trial court that petitioner does not suffer from any mental disease or defect as set forth in Chapter 552 of the Missouri Revised Statutes is reduced by the Missouri appellate court to a finding that petitioner does not suffer from a mental disease or defect that would make him likely to be dangerous to others while on conditional release.

proceeding. A district court "must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 522 (1982). A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim. Picard v. Connor, 404 U.S. 270, 275-78 (1971). "[A] federal claim is not 'fairly presented' to the state courts when factual allegations significantly affecting the determination of that claim are raised for the first time in federal court." Stranghoener v. Black, 720 F.2d 1005, 1007 (8th Cir. 1983).

At the core of petitioner's claim that his right to due process was violated because he was denied unconditional release is the contention that it was found by the trial court that he does not suffer from a mental defect or illness. As this determination was reversed and remanded for further proceedings, the instant petition depends on the future state court findings regarding the present condition of his mental health.[4] Therefore, there remains

---

[4]The Court notes that this fact was presented to the state court. State court factual findings are presumed to be correct. Tokar v. Bowersox, 198 F.3d 1039, 1047 (8th Cir. 1999). Further, the Court should interpret "state court records and appl[y] a presumption that the state trier of fact applied correct standards of federal law to the facts to determine whether factual findings necessarily were implicit in the state courts' conclusions." Bell v. Norris, 586 F.3d 624, 632 (8th Cir. 2009) (quotation omitted). However, this is not an instance where the Court can infer the necessary factual finding from the state court record. See id. at 633 (finding that it was not possible to infer a fact because an "intact ruling and record denying relief would be required to make such an inference"); Parrish v. Small, 315 F.3d 1131, 1135 (9th Cir. 2003) ("[T]his case would benefit from additional information.... [The petitioner] should have been permitted to develop the record on the issue.... We vacate the judgment in district court and remand for an evidentiary hearing."). In

an undecided material factual issue, and the petition seeking unconditional release is not exhausted. Accordingly, the Court will dismiss the instant petition as unexhausted.

The Court believes that reasonable jurists might find the Court's assessment of the instant petition for relief debatable or wrong for purposes of issuing a certificate of appealability under 28 U.S.C. § 2254(d)(2). See Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (stating the standard for issuing a certificate of appealability) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Accordingly, the Court will grant a certificate of appealability with regard to this Court's finding that the instant petition is not exhausted.

The Court has reviewed the record, the petition, the report and recommendation, and petitioner's objections thereto. The Court finds that the report and recommendation should be modified. Petitioner's objections to the report and recommendation will be overruled in their entirety, and the petition will be dismissed as unexhausted. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #27] are overruled.

**IT IS FURTHER ORDERED** that the report and recommendation [Doc. #22] is accepted and adopted as modified by this order.

---

this case, although there exists an intact ruling, a necessary factual finding of the trial court was specifically reversed and remanded for further state proceedings. The Court should allow the state to make this finding in the first instance.

18

**IT IS FURTHER ORDERED** that the petition of Lloyd Grass for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. #1] is dismissed as unexhausted.

**IT IS FURTHER ORDERED** that a certificate of appealability shall be issued with regard to the exhaustion of the instant petition.

**IT IS FURTHER ORDERED** that all remaining motions are denied as moot.

Dated this   29th   day of March, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE